**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 14-03275-DD |
| Peggy T. Tant and Gene P. Tant, | Chapter 7 |
| Debtors. | **ORDER** |

THIS MATTER is before the Court on a Motion for Sanctions Against Trustee's Special Counsel Paul W. Owen, Jr. ("Motion") filed by Blue World Pools, Inc. ("Blue World") and the response of Paul W. Owen, Jr. For the reasons set forth below, the Court grants the Motion. Owen is sanctioned $5,000, and shall pay the sanctions to Blue World within twenty (20) days of the entry of this order.

**I.    Facts and Procedural History**

On May 9, 2008, Peggy and Gene Tant ("Debtors") entered into a contract with Blue World to purchase a pool.[1] Debtors financed $17,772.17 of the purchase price using their home as collateral to secure the loan. On May 5, 2011, Owen, acting on behalf of the Debtors, filed a lawsuit against Blue World in state court alleging, *inter alia*, that Blue World violated the Truth in Lending Act ("TILA") when it entered into the loan agreement with the Debtors. Blue World removed the suit to federal court and filed a motion to compel arbitration. The motion was granted and the parties are currently in arbitration.

On April 9, 2014, the arbitrator granted Blue World summary judgment on 11 of Debtors' 12 causes of action. That same day Debtors, with Owen as their counsel, filed

---

[1] The details of the contract with Blue Worlds were not in the parties' moving papers. The facts recited here are taken from Blue Worlds' proof of claim, claim 10-1, and are recited for background purposes only.

1

their first chapter 13 case.[2] Debtors originally scheduled Blue World's lien as an undisputed, liquidated claim totaling $8,900 and secured by their home.[3] They later amended their schedules to list the claim as unsecured.[4] The first bankruptcy case was dismissed on May 29, 2014 for failure to file a plan in compliance with the bankruptcy code.[5]

Debtors, again represented by Owen, filed this bankruptcy case under chapter 13 of the bankruptcy code on June 4, 2014. They did not file a motion to extend the automatic stay, thus, pursuant to 11 U.S.C. § 362(j), the stay was automatically terminated thirty (30) days after the filing of the petition because the case was filed after Debtors had a previous case dismissed within a year of the current filing. Debtors scheduled Blue World as having an unsecured, undisputed, liquidated claim of $8,900.

Blue World filed a proof of claim for a $17,459.23 secured claim on August 20, 2014. Owen objected to the claim on September 12, 2014. The matter was continued once and reset for hearing in November 2014. The day before the hearing, Debtors filed a motion indicating their intention to convert to chapter 7.[6] The case was converted on November

---

[2] Case No. 14-02122-jw

[3] Dkt. 1

[4] Dkt. 15

[5] Dkt. 19

[6] The document docketed as a motion to convert is actually a certificate of service, and it does not appear that a document requesting conversion was ever formally substituted. Blue World alleges it was not informed of the Debtors' intention to convert, resulting in it wasting time and money preparing for the hearing on the objection to claim, and responding to the objection after the request to convert was filed.

2

18, 2014, and Kevin Campbell was appointed trustee ("Trustee"). The objection to claim was withdrawn the following day.[7]

Issues arose in the arbitration as to the effect of Debtors' bankruptcy on the arbitration. These issues led Blue World to request an order confirming the automatic stay was not in effect because the Debtors had not timely requested an extension of the stay. On February 18, 2015, the Court entered an order stating that

> The automatic stay is terminated to allow the parties to conclude the Arbitration … in all respects, and for the arbitrator to enter any and all interim and final orders as he deems appropriate in the Arbitration.

On March 24, 2015, this Court entered an order approving employment of Owen as special counsel to the Trustee to pursue any potential claims against Blue World on behalf of the estate. Owen again objected to Blue World's proof of claim, this time on behalf of the Trustee, on June 16, 2015. The objection states that the Debtors filed a complaint in state court requesting rescission of the Blue World mortgage for TILA violations, and that a recent Supreme Court case[8] permits Debtors to rescind the mortgage. Owen, acting on behalf of the Trustee, asserted that the mortgage has been rescinded and the claim should be disallowed. The objection does not state that the parties are currently in arbitration. The issue of rescission is among those the state court, district court, and arbitrator have considered over the preceding four years.

Blue World responded to the objection, stating that the grounds for objecting to the proof of claim were currently being considered by the arbitrator. Blue World further stated

---

[7] This case was originally assigned to Hon. John Waites. Upon conversion, the case remained with Judge Waites and the objection to claim was under advisement. The case was transferred to the undersigned after the objection to claim was withdrawn.

[8] The case referred to is *Jesinoski v. Countrywide*, No. 13-684, --- U.S. ---, 135 S.Ct. 790 (January 13, 2015). In it the Supreme Court unanimously held that TILA only required debtors to give written notice of rescission, rather than filing suit, within the statutory time.

that in other, similar cases before the arbitrator, the arbitrator had recently rejected the legal theory presented by Owen's objection.

The Court held a hearing on the objection to the proof of claim on August 25, 2015. At the hearing, counsel for Blue World informed the Court that the legal issues presented in the objection had already been argued before the arbitrator, and the parties were awaiting the arbitrator's decision. The Court questioned whether it was appropriate for it to rule on the objection to the proof of claim in light of: (1) the district court's order sending the parties to arbitration; (2) the previous order in the bankruptcy case terminating the stay so that the arbitration could proceed; and (3) the fact that there were not yet (and may never be) funds to distribute to creditors in the bankruptcy. Owen responded to the Court's questions by agreeing that the issue was more properly before the arbitrator, but still asked the Court to rule on whether the Debtors' suit was revived by *Jesinoski*. Owen explicitly stated that he would prefer the bankruptcy court to rule on that issue rather than the arbitrator. When pressed on why he prosecuted an objection to a proof of claim when its substantive issues were part of the arbitration, Owen stated that he was relying on the advice of the Trustee in prosecuting the objection. The Trustee seemed unaware of the background issues, and Owen admitted that he could have better informed the Trustee of the status of the arbitration before filing the objection. The Court overruled the objection to claim and reserved the issue of sanctions.

Shortly thereafter Blue World filed its motion for sanctions, arguing that Owen's prosecution of the objection to the proof of claim was part of Owen's ongoing effort to hinder and delay the resolution of the dispute between Blue World and the Debtors. Owen did not timely respond. Instead Owen filed correspondence with the Court stating that the

4

responsibility for bringing the objection to the proof of claim lay solely with Owen, not the Trustee. Owen, through counsel, later filed an untimely response, effectively admitting that in hindsight the objection was meritless, but arguing that at the time he believed it was a valid objection.

The Court held a hearing on the Motion. At the hearing, Blue World reiterated the timeline in the case and the grounds of its request for sanctions. Blue World provided the Court with an affidavit signed by Paul D. Harrill, counsel to Blue World in the arbitration, opining that Blue World had spent in excess of $10,000 in legal fees responding to the objection to its proof of claim and seeking sanctions, and asked that Owen be sanctioned $10,000. Owen, through his counsel, declined the opportunity to cross examine Harrill, and again admitted that in hindsight the objection to the proof of claim was an error. He denied that his actions were anything more than an honest, overzealous mistake. At the close of the hearing the Court took the matter under advisement.

**II.     Discussion**

Fed. R. Bankr. P. 9011(b) states that when an attorney makes representations to the court, "whether by signing, filing, submitting, or later advocating" a position, the attorney "is certifying that to the best of … [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the information presented to the court is meritorious, proper, supported by the evidence, and not brought with the intent to harass or hinder the resolution of the dispute. Upon violation of this duty, a court may "impose an appropriate sanction upon the attorneys … responsible for the violation." Fed. R. Bankr. P. 9011(c).[9] Courts look to cases that interpret Fed. R. Civ. P. 11 to determine

---

[9] A court may sua esponte impose sanctions, Fed. R. Bankr. P. 9011(c)(1)(B), or sanctions may be imposed upon the request of a party to the action, Fed. R. Bankr. P. 9011(c)(1)(A). If sanctions are requested

whether its sister bankruptcy rule 9011 applies. *McGahren v. First Citizens Bank & Trust Co. et. al. (In re Weiss)*, 111 F.3d 1159, 1169 (4th Cir. 1997). The test for imposing sanctions is whether the litigant's actions were objectively reasonable under the circumstances at the time of the challenged conduct. *See B-Line LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 939 (6th Cir. 2010); *see also Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 550 (1991) (discussing Fed. R. Civ. P. 11). A court need not make a finding of "bad faith or nefarious intent to sanction a party under Fed. R. Bankr. P. 9011." *In re Ulmer*, 363 B.R. 777, 782 (Bankr. D.S.C. 2007). Instead, sanctions are appropriate "when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the paper." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986). Filing duplicative motions in different forums seeking identical relief is an abuse of the judicial process, warranting sanctions. *Prop. Mgmt. and Inv., Inc. v. Johnson, Blakely, Pope, Bokor, and Ruppel, P.A. et al. (In re Prop. Mgmt. and Inv., Inc.)*, 69 B.R. 310, 310 (Bankr. M.D. Fla. 1987).

The facts in this case support imposing sanctions. This Court, and the district court, had previously entered orders confirming that the cause of action against Blue World should be resolved by the arbitrator. Owen is Debtors' counsel at the arbitration, fully aware of the arbitration. He acknowledged that despite knowing about the arbitration, he would prefer this Court rule on the merits of an issue long pending before the arbitrator. It was clear to the Court at the hearing on the objection to the proof of claim that the Trustee was unaware of the status of the arbitration. Owen's assertion that he was relying on the

---

by a party, that party must serve the challenged party with the motion for sanctions and permit the challenged party to amend its conduct or pleading. Fed. R. Bankr. P. 9011(c)(1)(A). The parties agree that Blue World followed the correct procedures and gave the required notice in bringing this motion.

Trustee for direction is neither factual nor, in light of Owen's later retraction of that statement, credible. Owen's inconsistent retelling of why the objection was prosecuted undermines the sincerity of his explanation that he made an honest mistake. Objectively, the prosecution of the objection to the proof of claim was forum shopping, with the intention of derailing the arbitration. Sanctions are therefore appropriate.

Sanctions imposed for violations of Rule 9011 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct." Fed. R. Bankr. P. 9011(c)(2). Blue World's recitation of Owen's conduct in this case is extensive. However, the relevant conduct before this Court giving rise to an award of sanctions is Owen's improper prosecution of the objection to the proof of claim, not the entirety of his actions in the Blue World litigation. Owen did appear before the Court to explain his wrongful conduct, and has, in hindsight, recognized his mistake. Sanctions are awarded in the amount of $5,000.

### III. Conclusion

Owen filed and prosecuted the objection to Blue World's proof of claim in violation of his duties pursuant to Fed. R. Bankr. P. 9011. He is sanctioned $5,000, to be paid to Blue World within twenty (20) days of the entry of this order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**10/27/2015**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 10/27/2015